UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

REGINALD M. EASLEY, )
)
Plaintiff, )
)
v. ) No. 3:09-0537
) **JUDGE HAYNES**
CHEATHAM COUNTY JAIL, ET AL., )
)
Defendants. )

## MEMORANDUM

Plaintiff, a former prisoner in the Cheatham County Jail filed this *pro se* action under 42 U.S.C. § 1983 against: 1) Cheatham County Jail; 2) the medical staff at Cheatham County Jail; and 3) the medical provider at Cheatham County Jail. Plaintiff seeks money damages and injunctive relief for the defendants alleged deliberate indifference to his serious medical needs. Plaintiff's claims arise out of an ear plug that became stuck in his ear on April 7, 2009. (Docket Entry No. 1, ¶ IV, pp. 3-4) Plaintiff asserts that he asked several officers at the jail for assistance over the next two days, but to no avail. (Docket Entry No. 1, ¶ IV, p. 4)

Under the PLRA, the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364,

365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Jails are not bodies politic under 42 U.S.C. § 1983, and as such, are not a "persons" that can be sued under § 1983. *Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (E.D. Pa. 1976); *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y.1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Correct. Ctr.*, 788 F.Supp. 890, 893-894 (E.D.Va.1992). Nor is prison medical department/staff a "person" for purposes of § 1983. *Hix v. Tennessee Dept. of Correction*, 196 Fed.Appx. 350, 355-356 (6th Cir. 2006) (collecting cases).

Thus, as to Defendants Cheatham County Jail and its medical staff, Plaintiff does not state a claim for relief under § 1983. Therefore, Plaintiff's claim against Cheatham County Jail and its medical staff will be dismissed for failure to state a claim on which relief may be granted.

Although Plaintiff's allegations refer to specific jailors to whom he complained about his conditions, Plaintiff does not name them as Defendants. Plaintiff does name the jail's medical provider, but does not allege any act or omission by him. A supervisor cannot be sued soley on his position as a supervisor. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Given Plaintiff's release from custody, his claim for injunctive relief is moot. As to the named Defendants, Plaintiff

2

Case 3:09-cv-00537   Document 11   Filed 07/09/09   Page 2 of 3 PageID #: 37

has failed to state a claim for relief and this action must be dismissed.

An appropriate order will be entered.

**ENTERED** this the ___9th___ day of July, 2009.

                                           William J. Haynes, Jr.
                                           United States District Judge